IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:05-cr-04-MP-GRJ

STEVEN WAYNE CLARK II

_____/

# REPORT AND RECOMMENDATION

This case is before the Court on Doc. 45, Defendant's Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255.  Section 2255 provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "A 1-year period of limitation shall apply to a motion under this section." *Id*. at § 2255(f).  The one-year limitations period runs from the latest of:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

The judgment of conviction in this case was entered on July 11, 2005. (Doc. 34.) Defendant did not appeal. For purposes of the limitations period, Defendant's conviction became final when the 14-day period for filing an appeal elapsed on July 25, 2005. *See* Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2010). The limitations period expired one year later, on July 25, 2006.

The instant motion to vacate was entered onto the Court's docket on April 11, 2012, well beyond the one-year limitations period. Defendant failed to sign or date the motion, and the envelope bears no postmark. In his motion, Defendant concedes that it is "putatively outside the §2255(f) time-limit" but argues that because his due process rights were violated at the time he entered his guilty plea and judgment was entered, that the limitations period has not yet been triggered because the judgment "was void at inception." (Doc. 45.) Defendant's argument is without merit. He has filed the instant motion to vacate far beyond the AEDPA's limitations period and has not demonstrated any entitlement to equitable tolling. "[I]n the proper case, § 2255's period of limitations may be equitably tolled." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271; *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir.2004) (movant bears burden of establishing entitlement to extraordinary remedy of equitable tolling) (§ 2254 case).

Petitioner has failed to allege any extraordinary circumstances that prevented him from timely filing his claim. The instant petition is time-barred and Petitioner has

*Case No: 1:05-cr-04-MP-GRJ*

failed to demonstrate entitlement to equitable tolling.

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to vacate, Doc. 45, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 12th day of April 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.